IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL SMITH                          :

                                       :

     v.                             :   Civil Action No. DKC 09-1422

                                         :

TRULAND SYSTEMS CORPORATION            :

                                         :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Plaintiff's motion for leave to amend complaint. (Paper 17). The issues are fully briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the following reasons, the motion will be granted.

**I.  Background**

Plaintiff filed a complaint in state court against Truland Systems Corporation only, but recited that "an employee of Truland, aka 'John Doe,' was operating a scissor lift" in a manner that injured Plaintiff. (Paper 2 ¶ 9). The complaint alleges that "John Doe" was working for Truland within the scope of employment. (*Id.* at ¶ 11). Defendant removed the case to this court, on the basis of diversity of citizenship. (Paper 1). Plaintiff now seeks leave to amend the complaint to name the "John Doe," who is Ferdinand Smith, as a defendant. (Paper 17). The problem is that Ferdinand Smith is, as is

Plaintiff, a citizen of Maryland.   Addition of Mr. Smith would destroy diversity and result in remand of this action to state court.   28 U.S.C. § 1447.

Defendant Truland opposes amendment, and remand, and argues that joinder of Mr. Smith is not necessary and that remand would prejudice it because "Truland [] has been conducting discovery and developing its defenses under the assumption that a trial on the merits would be conducted according to" federal rules. (Paper 21, at 2).   Furthermore, it argues that there may be witnesses who are beyond the subpoena power of state court. Finally, it argues that Plaintiff knew of Mr. Smith's identity much earlier in the litigation, making the request to amend untimely.

Plaintiff replies that Defendant only recently provided information that allowed Plaintiff to obtain an address for Mr. Smith, who no longer is an employee of Truland, and that there may be a question of whether he was acting within the scope of employment at the time of this incident.   Furthermore, Mr. Smith may not cooperate in discovery if he is not a party.   Plaintiff assures the court that he does not seek to join Mr. Smith in order to defeat federal jurisdiction, and even had stated that the case could stay in federal court as far as he was concerned. Defendant has filed a "notice" clarifying that it agrees that

2

Mr. Smith was acting within the scope of his employment at the time.

## II.   Standard of Review

A motion to amend generally is governed by Fed.R.Civ.P. 15(a).  When, however, a proposed amendment implicates continued diversity jurisdiction, a different analysis applies:

> When a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e), which provides the district court with two options: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." These are the only two options for a district court faced with a post-removal attempt to join a nondiverse defendant;[10] the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case.[footnote omitted.]
>
> [10]  Legislative history reinforces that Congress intended district courts to have only these two options. In fact, Congress considered and rejected a proposal that would have permitted district courts to join the non-diverse defendant and retain jurisdiction over the case. See David D. Siegel, Commentary on 1988 Revision of Section 1447, in 28 U.S.C.A. § 1447 (1994).

*Mayes v. Rapoport*, 198 F.3d 457, 461-62 (4th Cir. 1999). Furthermore,

> Under Section 1447(e), the actual decision on whether or not to permit joinder of a

defendant under these circumstances is committed to the sound discretion of the district court; thus, this decision is not controlled by a Rule 19 analysis. See *supra* note 11; 14C Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3739, at 445 (3$^d$ ed. 1998) ("Section 1447(e) gives the court more flexibility than a strict Rule 19 analysis"). In exercising its discretion under Section 1447(e), the district court was entitled to consider all relevant factors, including: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *See Gum* [*v. General Electric Co.*], 5 F.Supp.2d 412 (S.D.W.Va. 1998)] at 414 (*quoting Coley v. Dragon Ltd.*, 138 F.R.D. 460, 465 (E.D.Va.1990) (*citing Hensgens* [*v. Deere & Co.*], 833 F.2d [1179 (5th Cir. 1987)] at 1182)). The district court, with input from the parties, should balance the equities in deciding whether the plaintiff should be permitted to join a nondiverse defendant. *Id.*

*Mayes*, 198 F.3d at 462-63.

Defendant argues that Mr. Smith is not a "necessary" party, amendment is sought merely to destroy diversity jurisdiction, remand would prejudice Truland, and Plaintiff was dilatory in seeking amendment. First, the status of a proposed new party as "unnecessary" is of limited relevance. Rule 19 does not apply, and Plaintiff may add a party even if full relief between the existing parties is available without the new party.

4

A helpful analysis by another district court discusses the posture when a non-diverse driver is the subject of the proposed amendment:

> The first *Hensgens* factor is the extent to which joinder of the non-diverse party is sought to defeat federal jurisdiction. It is clear that plaintiff intended prior to removal of her litigation from state court to name the non-diverse truck driver as a defendant. Plaintiff asserts that only her lack of knowledge of the driver's name prevented her from naming him as a defendant at the time she amended her petition in state court to add "John Doe." Moreover, it makes legal and practical sense that the individual alleged to be specifically responsible for the incident giving rise to plaintiff's action should be a defendant. If the other defendant, the driver's employer, asserts and prevails upon potential defenses unique to a vicariously liable employer – for example, that the driver was not acting in the course and scope of his employment or that *respondeat superior* liability does not otherwise extend to this incident – plaintiff might be left with no viable defendant other than the individual truck driver. In addition, there are procedural and discovery advantages available to plaintiff if the driver is a party defendant rather than merely a non-party witness. There is no suggestion that plaintiff's joinder of the truck driver as a defendant is fraudulent or that plaintiff has no cause of action against him. Under these circumstances, I cannot find that plaintiff's principal motivation in adding him as a defendant is to defeat federal jurisdiction. Thus, this factor weighs in favor of permitting the amendment.

*Anderson v. CSX Sealand, Inc.*, 1997 WL 16617, 2 (E.D.La. 1997).

Here, as well, Plaintiff's original complaint referred to "John Doe" as the employee responsible for his injuries. While there was no "John Doe" as a named defendant, Plaintiff indicated a lack of knowledge as to his identity at that time. Plaintiff explains the late move to amend is tied to the lack of knowledge of his address, and thus, how to serve him. By initially stating that he did not seek remand, only amendment, Plaintiff has also signaled that the amendment is not being sought to avoid federal jurisdiction. Furthermore, there was, and may remain, some question as to whether Truland concedes that Mr. Smith was acting within the scope of employment at the time. Finally, as recognized by the Louisiana court, there is a difference between a non-party witness and a party defendant in terms of discovery obligations, particularly where the witness is no longer employed by the other defendant.

Moreover, Defendant's objections are thin. The asserted strategic choices and benefits from federal jurisdiction are unarticulated. In a diversity action, this court applies state substantive law and Defendant does not identify any procedural or evidentiary issues that would be significantly different were this case returned to state court. Similarly, Defendant has not explained how a witness might be subject to subpoena here in

federal court, but would be unavailable in state court, nor has it identified who those witnesses might be.

Thus, Plaintiff will be granted leave to amend to name Ferdinand Smith as a defendant and the case will be remanded to the Circuit Court.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
